COOLEY LLP
ANTHONY M. STIEGLER (126414)
(astiegler@cooley.com)
EAMONN GARDNER (310834)
(egardner@cooley.com)
JON F. CIESLAK (268951)
(jcieslak@cooley.com)
SOPHIA M. RIOS (305801)
(srios@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

*Attorneys for Plaintiff and Counter-Defendant ChromaDex, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# (SOUTHERN DIVISION)

| | |
|---|---|
| ChromaDex, Inc.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Elysium Health, Inc.,<br><br>　　　　Defendant. | Case No. SACV 16-02277-CJC(DFMx)<br><br>**CHROMADEX'S ANSWER TO ELYSIUM'S FIRST AMENDED COUNTERCLAIM**<br><br>Judge:　　Hon. Cormac J. Carney<br>Courtroom:　9B |
| Elysium Health, Inc.,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>ChromaDex, Inc.,<br><br>　　　　Counter-Defendant. | |

## NATURE OF THE CASE

1. ChromaDex admits that Elysium purports to bring an action for fraud, breach of contract, unfair competition, and declaratory judgment. ChromaDex notes that the Court dismissed Elysium's unfair competition claim with prejudice. ChromaDex admits it entered into three contracts with Elysium (the "Agreements").

2. ChromaDex denies knowledge or information sufficient to form a belief about the truth of the allegations.

3. Admitted.

4. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ChromaDex denies knowledge or information sufficient to form a belief about the truth of the allegations, and otherwise denies the allegations.

5. ChromaDex admits that it has in-licensed several patents relating to nicotinamide riboside. This paragraph contains legal conclusions to which no response is required. Except as expressly admitted herein, denied.

6. Denied.

7. Denied.

8. ChromaDex refers to the NR Supply Agreement itself for the terms of the parties' agreement. This paragraph contains legal conclusions to which no response is required. ChromaDex otherwise denies the allegations.

9. ChromaDex refers to the NR Supply Agreement itself for the terms of the parties' agreement. This paragraph contains legal conclusions to which no response is required. ChromaDex otherwise denies the allegations.

10. ChromaDex refers to the NR Supply Agreement itself for the terms of the parties' agreement. This paragraph contains legal conclusions to which no response is required. ChromaDex otherwise denies the allegations.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. ChromaDex admits that on June 30, 2016 Elysium submitted to it purchase orders for 3000 kg of "Nicotinamide Riboside – Niagen" and 580 kg of "Pterostilbene – pTeroPure." ChromaDex denies knowledge or information sufficient to form a belief about the truth of the remaining allegations, and otherwise denies the allegations.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. ChromaDex admits that Elysium purports to seek to rescind the License and Royalty Agreement, obtain restitution and recover for damages. Except as expressly admitted herein, denied.

## JURISDICTION AND VENUE

21. Admitted.

22. Admitted.

## THE PARTIES

23. ChromaDex denies knowledge or information sufficient to form a belief about the truth of the allegations.

24. Admitted.

## FACTUAL ALLEGATIONS

25. Admitted.

26. ChromaDex admits that nicotinamide riboside is found in nature, that Elysium purports to quote the text of "marketing materials" that are quoted out of context, and that NIAGEN® is the federally registered trademark ChromaDex uses to market its nicotinamide riboside product. Except as expressly admitted herein, denied.

27. This paragraph contains legal conclusions to which no response is

1  required. ChromaDex otherwise denies the allegations.

2  28. Admitted.

3  29. Denied.

4  30. ChromaDex admits that it utilizes a third-party contract manufacturer to manufacture NIAGEN and that the third-party contract manufacturer is prohibited from distributing NIAGEN to any other party. Except as expressly admitted herein, denied.

8  31. Denied.

9  32. This paragraph contains legal conclusions to which no response is required. ChromaDex otherwise denies the allegations.

11 33. Admitted.

12 34. Admitted.

13 35. Admitted.

14 36. Admitted.

15 37. Admitted.

16 38. Denied.

17 39. Denied.

18 40. Denied.

19 41. ChromaDex denies knowledge or information sufficient to form a belief about the truth of the allegations.

21 42. Admitted.

22 43. ChromaDex admits that Jaksch sent an email to Leonard Guarente on August 26, 2013, and refers to that email for its contents. Except as expressly admitted, ChromaDex denies the allegations.

25 44. Denied.

26 45. ChromaDex admits that Marcotulli sent an email to ChromaDex on November 8, 2013, and refers to that email for its contents. Except as expressly admitted, ChromaDex denies the allegations.

46. ChromaDex admits that Jaksch sent an email to Elysium on December 13, 2013, and refers to that email for its contents. Except as expressly admitted, ChromaDex denies the allegations.

47. ChromaDex admits that Jaksch sent an email to Elysium on December 13, 2013, and refers to that email for its contents. Except as expressly admitted, ChromaDex denies the allegations.

48. Denied.

49. ChromaDex admits that Jaksch sent an email to Elysium on December 20, 2013, and refers to that email for its contents. Except as expressly admitted, ChromaDex denies the allegations.

50. ChromaDex admits that Jaksch sent an email to Elysium on December 27, 2013, and refers to that email for its contents. Except as expressly admitted, ChromaDex denies the allegations.

51. Denied.

52. Denied.

53. ChromaDex admits that the parties entered into a Supply Agreement and a Trademark License and Royalty Agreement on February 3, 2014, and refers to that email for its contents. Except as expressly admitted, ChromaDex denies the allegations.

54. ChromaDex admits that the Supply Agreement contains no express license to ChromaDex's patent rights. Except as expressly admitted, ChromaDex denies the allegations.

55. ChromaDex refers to the Trademark License and Royalty Agreement for its contents. Except as expressly admitted, ChromaDex denies the allegations.

56. Denied.

57. ChromaDex refers to the Trademark License and Royalty Agreement for its contents. Except as expressly admitted, ChromaDex denies the allegations.

58. ChromaDex refers to the Trademark License and Royalty Agreement for

its contents. Except as expressly admitted, ChromaDex denies the allegations.

59. Denied.

60. ChromaDex refers to the Supply Agreement, as amended, for its contents. Except as expressly admitted, ChromaDex denies the allegations.

61. ChromaDex refers to the Supply Agreement, as amended, for its contents. Except as expressly admitted, ChromaDex denies the allegations.

62. ChromaDex admits that the parties amended the Supply Agreement on February 19, 2016. ChromaDex refers to the Supply Agreement, as amended, for its contents. Except as expressly admitted, ChromaDex denies the allegations.

63. Denied.

64. ChromaDex admits that Alminana sent Jaksch an email on May 29, 2016, and refers to that email for its contents. Except as expressly admitted, ChromaDex denies the allegations.

65. ChromaDex admits that Jaksch sent an email to Elysium on June 13, 2016, and refers to the email for its contents. Except as expressly admitted, ChromaDex denies the allegations.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. ChromaDex admits that Jaksch sent an email to Elysium on June 14, 2016, and refers to that email for its contents. Except as expressly admitted, ChromaDex denies the allegations.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. ChromaDex admits that its website refers to pterostilbene as "closely related to resveratrol." Except as expressly admitted, ChromaDex denies the allegations.

77. Denied.

78. Denied.

79. Denied.

80. ChromaDex admits that it had several discussions with Elysium regarding this dispute, and that Jaksch, Will Black, Rob Fried, and Steve Block were involved in some of those discussions. ChromaDex admits that the parties exchanged proposals. Except as expressly admitted, ChromaDex denies the allegations.

81. Denied.

82. Denied.

83. Admitted.

84. ChromaDex admits that it issued a non-renewal notice to Elysium that terminated the Supply Agreement as of February 2, 2017. Except as expressly admitted, ChromaDex denies the allegations.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## FIRST COUNTERCLAIM FOR RELIEF

89. ChromaDex incorporates its responses in paragraphs 1 to 88 above as if fully set forth herein.

90. Admitted.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

## SECOND COUNTERCLAIM FOR RELIEF

98. ChromaDex incorporates its responses in paragraphs 1 to 97 above as if fully set forth herein.

99. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, ChromaDex denies knowledge or information sufficient to form a belief about the truth of the allegations, and otherwise denies the allegations.

100. Denied.

101. Denied.

102. Denied.

## THIRD COUNTERCLAIM FOR RELIEF

103. ChromaDex incorporates its responses in paragraphs 1 to 102 above as if fully set forth herein.

104. Admitted.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

## FOURTH COUNTERCLAIM FOR RELIEF

111. ChromaDex incorporates its responses in paragraphs 1 to 110 above as if fully set forth herein.

112. Denied.

113. This paragraph contains legal conclusions to which no response is

required. To the extent a response is required, ChromaDex denies the allegations.

114. Denied.

115. Denied.

## FIFTH COUNTERCLAIM FOR RELIEF

116. ChromaDex incorporates its responses in paragraphs 1 to 115 above as if fully set forth herein.

117. No response is required because the Court dismissed Elysium's counterclaim for unfair competition (Cal. Bus. & Prof. Code § 17200). To the extent a response is required, ChromaDex denies the allegations.

118. No response is required because the Court dismissed Elysium's counterclaim for unfair competition (Cal. Bus. & Prof. Code § 17200). To the extent a response is required, ChromaDex denies the allegations.

119. No response is required because the Court dismissed Elysium's counterclaim for unfair competition (Cal. Bus. & Prof. Code § 17200). To the extent a response is required, ChromaDex denies the allegations.

120. No response is required because the Court dismissed Elysium's counterclaim for unfair competition (Cal. Bus. & Prof. Code § 17200). To the extent a response is required, ChromaDex denies the allegations.

121. No response is required because the Court dismissed Elysium's counterclaim for unfair competition (Cal. Bus. & Prof. Code § 17200). To the extent a response is required, ChromaDex denies the allegations.

122. No response is required because the Court dismissed Elysium's counterclaim for unfair competition (Cal. Bus. & Prof. Code § 17200). To the extent a response is required, ChromaDex denies the allegations.

ChromaDex denies that Elysium is entitled to any of the relief requested.

## SEPARATE AND ADDITIONAL DEFENSES

For its separate and additional defenses, ChromaDex alleges as follows:

### FIRST SEPARATE AND ADDITIONAL DEFENSE

Elysium lacks standing to assert the counterclaims.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

Elysium fails to state a claim upon which relief can be granted.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

Elysium consented to and/or ratified any actions that it now alleges to be unlawful.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

Elysium did not sustain any loss, damage, harm, or detriment in any amount as a result of the allegations against ChromaDex.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

Elysium acquiesced to any actions it now alleges to be unlawful or wrongful.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE

Elysium's counterclaims are barred by the doctrine of unclean hands.

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

Elysium is barred from recovery, in whole or in part, by the doctrines of laches, estoppel, election of remedies, and other applicable equitable doctrines.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

Elysium has engaged in conduct and activities with respect to the subject matter of this dispute by reason of which they have waived any claims or demands.

### NINTH SEPARATE AND ADDITIONAL DEFENSE

Elysium's breach of contract counterclaims are barred because Elysium failed to fulfill its contractual obligations under the contracts and/or there was a failure of consideration.

### TENTH SEPARATE AND ADDITIONAL DEFENSE

The counterclaims are barred because Elysium would be unjustly enriched by

any recovery against ChromaDex.

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

ChromaDex has acted reasonably, in good faith, and with innocent intent with respect to the conduct alleged.

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE

Elysium's cause of action for declaratory judgment of patent misuse is barred because ChromaDex has purged any and all alleged patent misuse.

In its First Amended Counterclaim, Elysium alleges that ChromaDex engaged in patent misuse by "tying [] access to its patent rights to a royalty-bearing trademark license" (FACC ¶ 111) and, "in some instances," by "requir[ing] purchasers not only to license, but also to use ChromaDex trademarks in order to obtain a supply of nicotinamide riboside" (FACC ¶ 39). ChromaDex moved to dismiss Elysium's counterclaim for declaratory judgment of patent misuse on March 20, 2017 on multiple grounds and contends that there is no viable allegation of patent misuse as a matter of law and fact. (Dkt. 34.) However, the Court denied ChromaDex's motion to dismiss the patent misuse counterclaim by order dated May 10, 2017, permitting Elysium to attempt to prove its allegation of patent misuse at trial. (Dkt. 44.)

ChromaDex denies that it has ever engaged in any act of alleged patent misuse and specifically denies that it has engaged in patent misuse by "tying [] access to its patent rights to a royalty-bearing trademark license" (FACC ¶ 111) and, "in some instances," by "requir[ing] purchasers not only to license, but also to use ChromaDex trademarks in order to obtain a supply of nicotinamide riboside" (FACC ¶ 39). ChromaDex further denies that Elysium's allegations constitute patent misuse as a matter of law. However, to eliminate an issue from this litigation, to conserve the parties' and the Court's resources and to streamline this action, and without prejudice to ChromaDex's arguments and contentions, ChromaDex hereby unequivocally renounces any rights to collect, charge, or obtain royalties under the Trademark License and Royalty Agreement with Elysium. Pursuant to Section 14.1 of the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

CHROMADEX'S ANSWER TO THE FACC
16-CV-2277

1    Trademark License and Royalty Agreement and ChromaDex's notice sent to Elysium
2    on October 31, 2016, the Trademark License and Royalty Agreement was
3    permanently terminated along with the NIAGEN Supply Agreement effective on
4    February 2, 2017. Accordingly, the allegedly offending terms of the Trademark
5    License and Royalty Agreement as alleged by Elysium are no longer of any operative
6    effect. The terminations of both agreements were made in the ordinary course of
7    business and are noted here for the purpose of confirming the purge of any alleged
8    patent misuse.

9         ChromaDex likewise hereby unequivocally renounces any rights to charge,
10   obtain, or collect royalties on sales of non-trademark bearing NIAGEN from
11   customers other than Elysium, or to require the use of its trademarks under any such
12   agreement. ChromaDex represents that it is immediately terminating all such
13   trademark license agreements. These terminations are made for the purpose of purging
14   any alleged patent misuse. ChromaDex is further refunding and/or crediting any and
15   all past royalties paid by all customers pursuant to all "royalty-bearing trademark
16   licenses." ChromaDex represents to the Court that it will provide a credit to Elysium
17   for all past royalties against the damages owed by Elysium in this case, including for
18   the failure to pay for product purchased.

19        These voluntary and proactive actions by ChromaDex are not an admission of
20   any wrong doing or acts of patent misuse, but instead are intended to prophylactically
21   and completely eliminate issues in this and any other dispute related to ChromaDex's
22   patents by purging any and all allegedly unlawful conduct with respect to all
23   allegations by Elysium of patent misuse. In particular, these voluntary acts are made
24   to dissipate any and all alleged effects of any alleged patent misuse in the market.
25   These voluntary steps taken by ChromaDex are intended to moot Elysium's allegation
26   and counterclaim for a declaratory judgment that ChromaDex has misused any of its
27   patents. Such counterclaim should be promptly voluntarily dismissed by Elysium, or
28   dismissed *sua sponte* by the Court based on the unequivocal terminations and

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

CHROMADEX'S ANSWER TO THE FACC
16-CV-2277

renouncements made herein.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

Elysium's cause of action for declaratory judgment of patent misuse is moot.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

Elysium's counterclaims are barred by their respective statutes of limitations.

## RESERVATION OF DEFENSES

ChromaDex reserves the right to add additional defenses as the factual bases for each of Elysium's claims and allegations become known. Future discovery may reveal additional facts that support additional affirmative defenses presently available to, but unknown to, ChromaDex.

## PRAYER FOR RELIEF

Wherefore, ChromaDex prays for relief and judgment as follows:

1. That the Court deny Elysium's prayer for relief in its entirety and that Court dismiss the counterclaims with prejudice and enter judgment in ChromaDex's favor.

2. That the Court award ChromaDex its costs, expenses, and attorney's fees as permitted by law.

3. That the Court award ChromaDex such other and further relief that it deems appropriate.

## DEMAND FOR JURY TRIAL

ChromaDex requests a jury trial as to all issues to which it is entitled.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

CHROMADEX'S ANSWER TO THE FACC
16-CV-2277

| | |
|---|---|
| Dated: May 24, 2017 | COOLEY LLP<br>ANTHONY M. STIEGLER (126414)<br>EAMONN GARDNER (310834)<br>JON F. CIESLAK (268951)<br>SOPHIA M. RIOS (305801)<br><br>*/s/ Anthony M. Stiegler*<br>Anthony M. Stiegler (126414)<br>Attorneys for Plaintiff and Counter-Defendant ChromaDex, Inc. |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

13.

CHROMADEX'S ANSWER TO THE FACC
16-CV-2277