MICHAEL R. MATTHIAS, Bar No. 057728
*mmatthias@bakerlaw.com*
ELIZABETH M. TRECKLER, Bar No. 282432
*etreckler@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: (310) 820-8800
Facsimile: (310) 820-8859

JOSEPH N. SACCA, (admitted *pro hac vice*)
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111-0100
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Defendant and Counterclaimant*
ELYSIUM HEALTH, INC. *and Defendant*
MARK MORRIS

*Counsel continued on following page*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CHROMADEX, INC.,<br>Plaintiff,<br>v.<br>ELYSIUM HEALTH, INC. and MARK MORRIS,<br>Defendants. | Case No.: 8:16-cv-02277-CJC-DFM<br>Judge: Hon. Cormac J. Carney<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE ANY REFERENCE OR EVIDENCE ON PERSONAL CONDUCT**<br><br>**Pretrial Conference:** September 18, 2019, at 9:00 a.m.<br><br>**Trial:** October 15, 2019, at 8:30 a.m. |
| ELYSIUM HEALTH, INC.,<br>Counterclaimant,<br>v.<br>CHROMADEX, INC.,<br>Counter-Defendant. | |

DONALD R. WARE, (admitted *pro hac vice*)
dware@foleyhoag.com
MARCO J. QUINA, (admitted *pro hac vice*)
mquina@foleyhoag.com
JULIA HUSTON, (admitted *pro hac vice*)
jhuston@foleyhoag.com
**FOLEY HOAG LLP**
155 Seaport Boulevard
Boston, Massachusetts 02210
Telephone: (617) 832-1000
Facsimile: (617) 832-7000

*Attorneys for Defendant and Counterclaimant*
ELYSIUM HEALTH, INC. *and Defendant*
MARK MORRIS

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**PLEASE TAKE NOTICE THAT** Defendants Elysium, Inc. and Mark Morris (together "Elysium") move *in limine* to prevent Plaintiff ChromaDex from arguing or introducing evidence at trial of the personal conduct of Elysium personnel, which is entirely unrelated to the merits of this commercial dispute.

The motion is noticed for hearing on September 18, 2019, at 9:00 a.m., before Judge Cormac J. Carney at the pretrial conference. Elysium's motion is based on their memorandum of points and authorities set forth below, the Declaration of Joseph N. Sacca and exhibits thereto, any subsequently filed briefing and attached papers, the pleadings and papers filed in this action, and any other argument or evidence submitted to the Court at the hearing or otherwise.

Dated: August 21, 2019

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Joseph N. Sacca*________
Joseph N. Sacca

*Attorneys for Defendant and Counterclaimant* ELYSIUM HEALTH, INC. *and Defendant* MARK MORRIS

**TABLE OF CONTENTS**

I. Introduction and Background ........ 1

II. Legal Standard ........ 4

III. Argument ........ 5

A. Rules 402 and 403 Requires Exclusion of the Personal Conduct Evidence ........ 5

1. The Personal Conduct Evidence is Irrelevant ........ 5

2. The Personal Conduct Evidence is Highly Prejudicial ........ 7

B. There Is No Other Basis for Admission of the Personal Conduct Evidence ........ 10

[redacted] ........ 10

Rule 406 ........ 11

Rule 608 ........ 11

Rule 607 ........ 12

IV. Conclusion ........ 13

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

## Cases

*Boyd v. City & Cty. of San Francisco*,
576 F.3d 938 (9th Cir. 2009)....................5

[redacted]

*Calhoun v. United States*,
133 S. Ct. 1136 (2013)....................1

[redacted]

*Ketab Corp. v. Mesriani & Assocs., P.C.*,
734 F. App'x 401 (9th Cir. 2018)....................4

[redacted]

*Luce v. United States*,
469 U.S. 38 (1984)....................4

[redacted]

*Mendez v. Reinforcing Ironworkers Union Local 416*,
No. 2:09-CV-02332-LRH, 2013 WL 140417 (D. Nev. Jan. 9, 2013)....................6

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051 (9th Cir. 2008) .......... 4

*R.S. v. City of Long Beach*, No. CV11-6379 AG (RNBX), 2013 WL 12202753 (C.D. Cal. Jan. 31, 2013) .......... 4

*United States v. Bensimon*, 172 F.3d 1121 (9th Cir. 1999) .......... 4

*United States v. Crouch*, 731 F.2d 621 (9th Cir. 1984) .......... 13

*United States v. Gomez-Gallardo*, 915 F.2d 553 (9th Cir. 1990) .......... 12

*United States v. Johnson*, 820 F.2d 1065 (9th Cir. 1987) .......... 7

*United States v. Osazuwa*, 564 F.3d 1169 (9th Cir. 2009) .......... 12

*United States v. Vizcarra-Martinez*, 66 F.3d 1006 (9th Cir. 1995) .......... 8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**Statutes and Rules**

[redacted]

Fed. R. Evid. 401 .......................................................................................5

Fed. R. Evid. 402 .......................................................................................4, 5

Fed. R. Evid. 403 .......................................................................................4

[redacted]

Fed. R. Evid. 406 .......................................................................................11

Fed. R. Evid. 607 .......................................................................................12

Fed. R. Evid. 608 .......................................................................................11

**Other Authorities**

20 Am. Jur. Trials 441 ...............................................................................5, 10

[redacted]

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction and Background

During discovery, Defendant Elysium inadvertently produced to Plaintiff ChromaDex text messages by Elysium personnel that are irrelevant to any matter in dispute in this commercial litigation. Despite the plain irrelevance of these messages, ChromaDex has attempted use them—in particular, [redacted]. Because these messages have no conceivable relevance at trial, and because their admission would be highly prejudicial to Elysium, Elysium respectfully requests that the Court exclude them from trial. Doing so is essential to ensure that this case is decided by the jury on the merits, not on emotion, and to prevent irreparable harm to Elysium and its personnel at issue. Failure to exclude this evidence risks tainting the trial, leading to substantial waste of judicial and party resources. To avoid those ills, and to preempt what would otherwise be an inevitable dispute over admissibility at trial, this evidence should be excluded from trial. Granting that relief would cause no prejudice to ChromaDex, because the messages are irrelevant and ChromaDex would remain free to seek reconsideration with respect to particular pieces of this evidence in the context of a specific showing of relevance and need.

In a commercial dispute like this one, the jury's verdict should be based on evidence relevant to the dispute, [redacted] But it is an unfortunate fact that passion and prejudice can act as the "thirteenth juror" and is a principal cause of miscarriages of justice. *See Calhoun v. United States*, 133 S. Ct. 1136, 1137 (2013) (explaining that counsel must not arouse the jurors' deepest prejudices because the jury becomes a "lethal weapon" when counsel "summon[s] that thirteenth juror, prejudice"). Admission or even reference to evidence that has no bearing on the merits but is prejudicial to a party risks tainting the entire judicial process, [redacted]

[redacted] That is why the Federal Rules of Evidence require the exclusion of such evidence and why courts routinely enforce that prohibition in circumstances like these.

This case concerns a commercial dispute between two businesses. ECF No. 153 ("Fifth Amended Complaint"). ChromaDex was primarily a seller of dietary supplement ingredient and now sells its own dietary supplement directly to consumers. Elysium, a former ingredient customer of ChromaDex, also sells a dietary supplement called Basis directly to consumers. Elysium had contracted with ChromaDex to purchase ingredients that Elysium used in Basis. This lawsuit followed after a breakdown in the parties' business relationship that began when ChromaDex violated the "most favored nation" pricing provision of one of the parties' supply agreements. *See* ECF No. 153-03 (NR Supply Agreement § 3.1), Declaration of Joseph N. Sacca at Exhibit A[1] (Ingredient Sales Spreadsheet). ChromaDex's claims include breach of contract, misappropriation of trade secrets, breach of confidentiality agreement, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty. ECF No. 153, at 33–47. Elysium's counterclaims include breach of contract, breach of implied covenant of good faith and fair dealing, fraudulent inducement, declaratory judgment on patent misuse, and restitution for unjust enrichment. ECF No. 103, at 30–36; ECF No. 118, at 38. Other than Mark Morris, no Elysium personnel are parties to the lawsuit.

In discovery, ChromaDex requested that Elysium produce documents relating to the parties' claims and defenses and specifically requested the production of text messages from several of Elysium personnel. [redacted]

[1] All references to Exhibits herein refer to exhibits attached to the Sacca Declaration. These exhibits are included to provide the Court with examples of what Personal Conduct Evidence is concerned. [redacted]

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

[redacted]

The personal conduct reflected in these messages has nothing to do with the merits of this commercial litigation over alleged breach of contract and misappropriation of trade secrets. [redacted] And that is exactly how ChromaDex's counsel has used these messages in the past. During depositions, ChromaDex's counsel relentlessly questioned [redacted] The admission of these texts or any use of their contents at trial would be highly prejudicial to Elysium, [redacted]

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

rather than evaluating the claims on their merits. That is an invitation the Federal Rules of Evidence prohibit. The Court should grant the motion *in limine* to exclude any reference, including any argumentation or admission of evidence, concerning the personal conduct of Elysium's personnel disclosed in the inadvertently disclosed messages.

**II. Legal Standard**

"[A] ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court. The district court may change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing citing *Luce v. United States*, 469 U.S. 38, 41–42 (1984)); *Ketab Corp. v. Mesriani & Assocs., P.C.*, 734 F. App'x 401, 410 (9th Cir. 2018) (holding that a district court did not abuse its discretion in granting a motion *in limine* to exclude reference to a settlement agreement because it was irrelevant). It is not an abuse of discretion when the district court "exclude[s] evidence that may confuse or mislead the jury." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1060 (9th Cir. 2008).

A motion *in limine* should be used to "resolve complicated legal issues outside the time pressures of trial." *R.S. v. City of Long Beach*, No. CV11-6379 AG (RNBX), 2013 WL 12202753, at *1 (C.D. Cal. Jan. 31, 2013). "An objection posed during trial has the serious disadvantage of focusing the attention of the jurors on the very matter that ought to be kept from them and may leave them with the impression that counsel is wrongly attempting to suppress evidence that seems logically pertinent. Traditional 'curative' actions taken by trial judges when prejudicial material is objected to are also ineffective and unrealistic; they, too, may aggravate the potential harm." 20 Am. Jur. Trials 441. [redacted]

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

███████████████████████████████████████
████████

### III. Argument

The Court should exclude any reference to the personal conduct or communications of any Elysium officer or employee (the "Personal Conduct Evidence")[2] under Rules 402 and 403 as irrelevant and highly prejudicial. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. And even relevant evidence should be excluded when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "The decision to admit potentially prejudicial evidence under Rule 403 is committed to the sound discretion of the trial court." *Boyd v. City & Cty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) (quotations marks and citation omitted). Under Rule 402 and the balancing test in Rule 403, the inadvertently disclosed text messages, and the personal conduct and communications they evidence, should be excluded from trial.

### A. Rules 402 and 403 Requires Exclusion of the Personal Conduct Evidence

#### 1. The Personal Conduct Evidence is Irrelevant

The Personal Conduct Evidence is irrelevant on its face to the merits of this case because there is no probative value to it in relation to the claims made. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "A fact is of consequence to the determination of the action if it tends to prove a fact in issue." *Duboise v. Brauer*, 213 F.3d 641 (9th Cir.

---

[2] ████████████████████████████████████████
████████████████████████████████████████
████████████████████

2000). "[E]vidence is relevant if it tends to prove the point for which it is offered and if that point matters to the case," which is "shown when the evidence tends to directly prove or disprove an element of a claim." *Mendez v. Reinforcing Ironworkers Union Local 416*, No. 2:09-CV-02332-LRH, 2013 WL 140417, at *3 (D. Nev. Jan. 9, 2013).

If there is a disconnect between the elements of the claims and the evidence offered, the evidence is irrelevant and should be excluded because "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. [redacted]

Here, there is a complete disconnect—really, a chasm—between the elements of the claims and the Personal Conduct Evidence. The claims at issue against Elysium include whether Elysium breached any contract with ChromaDex, whether Elysium misappropriated any trade secret from ChromaDex, and whether Elysium aided and abetted Mark Morris in breaching his fiduciary duty to ChromaDex. *See* ECF No. 153, Fifth Amended Complaint. [redacted] these are not consequential facts to any

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

issue in this case. The personal lives of Elysium personnel are not remotely connected to any element of any claim here. None of these claims become more or less probable based on whether ███████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████

In short, there is no link between such personal conduct and the claims at issue in this case. Thus, any testimony concerning that conduct is irrelevant and offers no probative value to any consequential fact. Any reference, argument, testimony, or evidence concerning Personal Conduct should be excluded under Rule 402 as irrelevant.

### 2. The Personal Conduct Evidence is Highly Prejudicial

Even if the Personal Conduct Evidence was relevant, it should be excluded under Rule 403 because the prejudicial effect far outweighs any possible relevance. It cannot be seriously disputed that admission of the Personal Conduct Evidence would be highly prejudicial to Elysium. "Unfair prejudice is measured by the degree to which a jury responds negatively to some aspect of the evidence unrelated to its tendency to make a fact in issue more or less probable." *United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir. 1987).

████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

[Page content redacted]

8

DEFENDANTS' MOTION IN LIMINE ON PERSONAL CONDUCT
CASE NO.: 8:16-CV-02277-CJC-DFM

[redacted]

In addition, as courts, Congress, and the states have recognized, individual privacy must be guarded with special care. [redacted]

Here, the admission of evidence or argument concerning the Personal Conduct Evidence would be extremely prejudicial to Elysium, as courts have repeatedly recognized in similar situations. The Rule 403 balancing test requires the exclusion of this category of personal conduct unless it is highly probative on the consequential facts in the case because its admission is extremely prejudicial. In the context of a commercial dispute between two businesses, this Personal Conduct Evidence has zero probative value on any consequential fact at issue in the case. Instead of providing the jury with relevant evidence to determine the claims at issue, the admission of the [redacted]

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

███████████████████████████████████████
███████████████████████████████████████
███████████████████████ That is prohibited. It would also improperly intrude on the privacy interests of non-parties to the lawsuit and should be excluded on that ground.

Given the one-sided balance here, admission of the Personal Conduct Evidence or argument based on it would taint the trial and risk reversible error. That would impose substantial and unwarranted costs on the Court and the parties, as well as doing a disservice to the members of the jury. By contrast, granting this motion and ordering the Personal Conduct Evidence excluded would cause no prejudice to ChromaDex. That is because, given the clams and defenses at issue, the Personal Conduct Evidence has no permissible use here. In any instance, if the Court does grant the relief request here, the ChromaDex can always move the Court to reconsider, in part, the exclusion of particular pieces of the Personal Conduct Evidence based on a showing of specific need. That would permit the Court to decide admissibility in the context of a specific dispute involving specific facts and give appropriate weight to each parties' interests and rights.

In short, just as the proverbial bell cannot be un-rung, so too unfairly prejudicial argument or testimony cannot be unheard. For that reason, a motion *in limine* is "[m]uch more effective in isolating prejudice from the jury than an objection and ruling at the trial." 20 Am. Jur. Trials 441. The Court should exclude any reference to any Personal Conduct Evidence from any of Elysium's personnel.

**B.    There Is No Other Basis for Admission of the Personal Conduct Evidence**

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

[Redacted lines 1-16]

**Rule 406.** The Personal Conduct Evidence is not admissible under Rule 406. "Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. [Redacted]

[Redacted lines 21-26]

**Rule 608.** The Personal Conduct Evidence is not admissible under Rule 608. "Except for a criminal conviction under Rule 609, extrinsic evidence is not

admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b); *see also United States v. Osazuwa*, 564 F.3d 1169, 1173–75 (9th Cir. 2009). The Personal Conduct Evidence has no bearing on any individual's character for truthfulness. And to attack the truthfulness of any individual, ChromaDex must provide evidence in the form of testimony about their reputation for truthfulness or based on an opinion about their truthfulness. *See* Fed. R. Evid. 608(a). None of the Personal Conduct Evidence is in the form of testimony about any potential witness's reputation for truthfulness. [REDACTED] Thus, the Personal Conduct Evidence is inadmissible under Rule 608.

**Rule 607.** The Personal Conduct Evidence is not admissible under Rule 607. Although the rule allows any party to attack a witness's credibility based on the witness's capacity to observe, remember, or narrate, the Personal Conduct Evidence is still inadmissible. [REDACTED] (quotation marks and citation omitted). And Ninth Circuit precedent is clear that "impeachment is not permitted where it is employed as a guise for submitting to the jury substantive evidence that is otherwise unavailable." *United States v. Gomez-Gallardo*, 915 F.2d 553, 555 (9th Cir. 1990) (quotations marks and citation omitted). This practice is

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

prohibited "[b]ecause of the recognized conceptual difficulties juries may have in distinguishing testimony admissible for impeachment from testimony admissible for its substance," and so "the maximum legitimate effect of the impeaching testimony can never be more than the cancellation of the adverse answer by which the party is surprised." *United States v. Crouch*, 731 F.2d 621, 623 (9th Cir. 1984) (quotation marks and citation omitted). [REDACTED] If, during trial, ChromaDex believes that it has established a basis for the admission of evidence on this point—which is all but impossible, given the issues and circumstances presented by this case—it should seek relief at that time with respect to that evidence specifically.

In short, there is no grounds for admission of the Personal Conduct Evidence, and Rules 402 and 403 requires its exclusion because of its nonexistent probative value and extremely prejudicial effect.

## IV. Conclusion

The Court should grant Elysium's Motion *in limine* to exclude any evidence or argumentation on the Personal Conduct Evidence because that evidence is irrelevant to the merits of the case, [REDACTED]

Dated: August 21, 2019

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Joseph N. Sacca*________
Joseph N. Sacca

*Attorneys for Defendant and Counterclaimant*
ELYSIUM HEALTH, INC. *and Defendant* MARK MORRIS