COOLEY LLP
MICHAEL ATTANASIO (151529)
(mattanasio@cooley.com)
BARRETT J. ANDERSON (318539)
(banderson@cooley.com)
CRAIG E. TENBROECK (287848)
(ctenbroeck@cooley.com)
JAYME B. STATEN (317034)
(jstaten@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121-1909
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420

*Attorneys for Plaintiff and Counter-Defendant
ChromaDex, Inc.*

*Counsel continued on following page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**(SOUTHERN DIVISION)**

| | |
|---|---|
| ChromaDex, Inc., | Case No. 8:16-cv-2277-CJC (DFMx) |
| Plaintiff, | **CHROMADEX'S APPLICATION FOR LEAVE TO FILE UNDER SEAL ITS MOTION FOR SANCTIONS OR, IN THE ALTERNATIVE, RECONSIDERATION OF THE COURT'S JANUARY 16, 2020 ORDER REGARDING SUMMARY JUDGMENT [DKT. 413] AND SUPPORTING DOCUMENTS** |
| v. | |
| Elysium Health, Inc., and Mark Morris | |
| Defendants. | |
| Elysium Health, Inc., | Judge:      Hon. Cormac J. Carney |
| Counterclaimant, | Courtroom:  9B |
| | Date:       May 3, 2021 |
| v. | Time:       1:30 PM |
| ChromaDex, Inc., | Pretrial Conf.:  Sept. 13, 2020 |
| Counter-Defendant. | Trial:           Sept. 21, 2020 |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

CHROMADEX'S APP. FOR LEAVE TO FUS ITS
MOTION FOR SANCTIONS OR RECONSIDERATION
8:16-CV-2277-CJC (DFMx)

1   COVINGTON & BURLING LLP
    MITCHELL A. KAMIN (202788)
2   (mkamin@cov.com)
    1999 Avenue of the Stars, Suite 3500
3   Los Angeles, CA  90067-4643
    Telephone: (424) 332-4800
4   Facsimile:    (424) 332-4749

5   COVINGTON & BURLING LLP
    PHILIP A. IRWIN (*admitted Pro Hac Vice*)
6   (pirwin@cov.com)
    620 Eighth Avenue
7   New York, NY 10018-1405
    Telephone: (212) 841-1000

8
    LTL ATTORNEYS LLP
9   JOE H. TUFFAHA (253723)(joe.tuffaha@ltlattorneys.com)
    PRASHANTH CHENNAKESAVAN
10  (284022)(prashanth.chennakesavan@ltlattorneys.com)
    300 South Grand Avenue, 14th Floor
11  Los Angeles, CA  90071
    Telephone: (213) 612-8900
12  Facsimile: (213) 612-3773

13  *Attorneys for Plaintiff and Counter-Defendant*
    *ChromaDex, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ChromaDex's App. For Leave to FUS its
Motion for Sanctions or Reconsideration
8:16-cv-2277-CJC (DFMx)

## I.   INTRODUCTION

ChromaDex today moves for dismissal of Elysium's third, fourth, and fifth counterclaims based on new evidence in the declarations of Elysium CEO Eric Marcotulli and COO Daniel Alminana, large portions of which Elysium designated as confidential under the protective order and filed with the Court under seal.  ChromaDex opposes sealing its motion or the supporting evidence because controlling Ninth Circuit authority and this Court's own rulings emphasize the important public interest in open access to court filings, especially those related to dispositive motions like this one. However, given Elysium's request that the information be kept from public view, ChromaDex (as it must) seeks leave to file its motion and supporting documents under seal, even though it continues to oppose sealing any submissions filed by either side regarding Marcotulli and Alminana's depositions.

ChromaDex is unable to meaningfully explain why this evidence fails to meet the high standard for sealing without referring to it, which would require that ChromaDex file a second application seeking to seal this one.  But as the Court will observe upon review of ChromaDex's motion to dismiss and supporting pleadings, none of this information should be hidden from the public.  This application should therefore be denied.  Nevertheless, as required by Local Rule 79-5.2.2(b), ChromaDex is compelled to submit this application, the attached Declaration of Barrett J. Anderson, sealed and unsealed versions of the motion and supporting documents, and a proposed order.

## II.   LEGAL STANDARD

Requests to seal court filings infringe the "general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  As a result, in the Ninth Circuit, there is a "strong presumption in favor of access to court records."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is based on the need for federal courts, although independent—indeed, particularly

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

CHROMADEX'S APP. FOR LEAVE TO FUS ITS
MOTION FOR SANCTIONS OR RECONSIDERATION
8:16-CV-2277-CJC (DFMx)

because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* at 1096 (quotation omitted); *see also, e.g.*, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 n.9 (1980) ("What transpires in the court room is public property." (quotation omitted)).  Such has been the Court's clearly stated position in this litigation.  (*See* Dkt. 413 at 11 n.1, 25 n.3, 28 n.4, 35 n.7 (denying applications to seal exhibits attached to motions for summary judgment); Dkt. 414 (same); Dkt. 224 (admonishing "under seal filings are strongly disfavored, especially in conjunction with dispositive motions"); Dkt. 108 at 2 ("Any further request to file documents under seal based on the parties' protective order is **strongly disfavored**.") (emphasis in original).)

"A party seeking to seal a judicial record [] bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The compelling reasons standard applies to efforts to seal dispositive motions, such as those for summary judgment. *Valerie Arismendez v. Deputy Velasquez*, 2020 WL 6162819, at *2 n.6 (C.D. Cal. Aug. 28, 2020) (Carney, J.) (denying application to seal evidence submitted with summary judgment motion because "concerns of privacy and security are outweighed by the interest in judicial transparency").  Compelling reasons must also be shown to seal a "motion for sanctions" that "s[eeks] dismissal of [a] defendant's counterclaim." *Karpenski v. Am. General Life Cos.*, 2013 WL 3191878, at *5 (W.D. Wash. June 20, 2013); *see also Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *2 (N.D. Cal. Jan. 21, 2014) (applying compelling reasons standard to motion "seek[ing] dismissal of [defendant's] counterclaims as a sanction").

To satisfy the standard, the party seeking to seal judicial records "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178 (cleaned up); *see also Opus Bank v. Liberty Ins. Underwriters, Inc.*, 2013 WL 12123999, at *1 (C.D. Cal.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

CHROMADEX'S APP. FOR LEAVE TO FUS ITS
MOTION FOR SANCTIONS OR RECONSIDERATION
8:16-CV-2277-CJC (DFMX)

July 26, 2013) (Carney, J.) (unsealing exhibits filed on summary judgment for party's "fail[ure] to show a compelling reason supported by specific facts"). "The fact that disclosure of the records may reveal information that is potentially embarrassing to the litigant is not itself sufficient reason to block public access to the records." *Id.* (citing *Foltz*, 331 F.3d at 1136 ("[A] litigant who might be embarrassed, incriminated, or exposed to litigation through dissemination of materials is not, without more, entitled to the court's protection.")).

### III.   THE COURT SHOULD DENY THIS APPLICATION TO SEAL

There is no compelling reason to seal ChromaDex's motion or the evidence on which it is based. Marcotulli and Alminana are the principals of a consumer-facing company that markets and sells a nutritional supplement to the public; they are also the key witnesses in this litigation for Elysium. As explained in ChromaDex's motion, the conduct described in their declarations—especially when considered together with other evidence adduced in this lawsuit—provides grounds for the Court to immediately dispose of three of Elysium's counterclaims that are currently slated for trial in September 2021, either as a terminating sanction or on reconsideration of ChromaDex's motion for partial summary judgment. There is no showing that would justify an exception to the core principle of open public access to court proceedings here.

Elysium previously applied to seal the declarations by asserting that they concern "Mr. Marcotulli's personal life," which Elysium contended was enough to seal them under the "lesser good cause" standard. (Dkt. 454 at 4.) That argument will not suffice here. As ChromaDex's motion makes clear, Marcotulli's actions did not merely affect him; no, his conduct is intertwined with Elysium's and bears directly on critical issues in this case. For example, the twenty-one month old deposition testimony that he now belatedly attempts to "change or correct" concerns disputed events that are central to this action, including his work as Elysium's CEO during the relevant time period, certain of his interactions with ChromaDex (the circumstances of which are in dispute), and his credibility, memory, perception, and bias. All of this was exhaustively

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

CHROMADEX'S APP. FOR LEAVE TO FUS ITS
MOTION FOR SANCTIONS OR RECONSIDERATION
8:16-CV-2277-CJC (DFMX)

1   catalogued in ChromaDex's opposition to Defendants' motion *in limine* regarding
2   evidence from Marcotulli and Alminana relevant to those issues, (Dkt. 284-1 at 3–11);
3   notably, neither Elysium executive sought to "change or correct" their connected
4   deposition testimony at that time, despite the parties briefing that motion more than
5   eighteen months ago. The story of Marcotulli and Alminana's sanctionable conduct is
6   further explained in the motion to dismiss that ChromaDex files with this application,
7   which also situates their behavior and Elysium's representations about it in the broader
8   context of this litigation. This is all "critical evidence" that both supports ChromaDex's
9   motion and will be admissible at trial, and the public is entitled to see it. *Valerie*
10  *Arismendez*, 2020 WL 6162819, at *2 n.6; *see also Opus Bank*, 2013 WL 12123999,
11  at *1 (unsealing exhibits filed with motion for summary judgment); (Dkt. 413 at 11 n.1,
12  25 n.3, 28 n.4, 35 n.7 (same); Dkt. 414 (same)).

13      In any event, the good cause standard does not apply to ChromaDex's motion or
14  the evidence supporting it, and thus the Court should not seal these documents simply
15  because the Court allowed Elysium to seal the declarations that it filed as exhibits to its
16  Notice. *Kamakana*, 447 F.3d at 1180 ("[A] 'good cause' showing will not, without
17  more, satisfy a 'compelling reasons' test."); (Dkt. 460 (applying good cause standard)).
18  Under the compelling reasons standard that governs here, even if the evidence of
19  Marcotulli's actions and choices could be embarrassing to him or damaging to Elysium,
20  "[t]he mere fact that the production of records may lead to a litigant's embarrassment,
21  incrimination, or exposure to further litigation will not, without more, compel the court
22  to seal its records." *Kamakana*, 447 F.3d at 1179. This Court recognized that principle
23  in its decision in *Opus Bank*, where it declined to seal certain information that was
24  "potentially embarrassing" because that alone was "not sufficient to establish a
25  compelling reason to seal the document." 2013 WL 12123999, at *2; *see also Hadley*
26  *v. Kellogg Sales Co.*, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018) (denying
27  request to seal evidence of personal conduct that "may be embarrassing" because it
28  "does not qualify as sealable sensitive personal information").

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

CHROMADEX'S APP. FOR LEAVE TO FUS ITS
MOTION FOR SANCTIONS OR RECONSIDERATION
8:16-CV-2277-CJC (DFMX)

Finally, Marcotulli and Alminana admit to outrageous conduct in their declarations that, as argued in ChromaDex's motion, plainly concerns the proper functioning of the judicial process and about which the public should be informed so that it may "have confidence in the administration of justice." *Ctr. for Auto Safety*, 809 F.3d at 1096 (quotation omitted); *see also Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) ("[T]he bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud." (quotation omitted)); *Taylor v. AutoZone Inc.*, 2012 WL 2357379, at *3 (D. Ariz. June 20, 2012) (declining to seal documents filed with non-dispositive motion because they directly contradicted declaration submitted to Court "under penalty of perjury"). Nothing about this motion should be hidden from the public.

## IV. CONCLUSION

There is no basis for an exception to the general rule in the Ninth Circuit mandating public access to court records. As reflected in the proposed order filed with this submission, the application to seal ChromaDex's motion and supporting documents should be denied.

Dated:      March 8, 2021          COOLEY LLP
                                   MICHAEL A. ATTANASIO (151529)
                                   BARRETT J. ANDERSON (318539)
                                   CRAIG E. TENBROECK (287848)
                                   JAYME B. STATEN (317034)


                                   */s/ Michael A. Attanasio*
                                   Michael A. Attanasio (151529)

                                   *Attorneys for Plaintiff and Counter-Defendant ChromaDex, Inc.*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO
5.
CHROMADEX'S APP. FOR LEAVE TO FUS ITS
MOTION FOR SANCTIONS OR RECONSIDERATION
8:16-CV-2277-CJC (DFMX)