COOLEY LLP
MICHAEL ATTANASIO (151529)
(mattanasio@cooley.com)
BARRETT J. ANDERSON (318539)
(banderson@cooley.com)
CRAIG E. TENBROECK (287848)
(ctenbroeck@cooley.com)
JAYME B. STATEN (317034)
(jstaten@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

*Attorneys for Plaintiff and Counter-Defendant
ChromaDex, Inc.*

*Counsel continued on following page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# (SOUTHERN DIVISION)

| | |
|---|---|
| ChromaDex, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Elysium Health, Inc., and Mark Morris <br><br> Defendants. <br><br> Elysium Health, Inc., <br><br> Counterclaimant, <br><br> v. <br><br> ChromaDex, Inc., <br><br> Counter-Defendant. | Case No. 8:16-cv-2277-CJC (DFMx) <br><br> **CHROMADEX'S OPPOSITION TO DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL** <br><br> Judge: Hon. Cormac J. Carney <br> Courtroom: 9B <br> Date: May 3, 2021 <br> Time: 1:30 PM <br><br> Pretrial Conf.: Sept. 13, 2020 <br> Trial: Sept. 21, 2020 |

1  COVINGTON & BURLING LLP
   MITCHELL A. KAMIN (202788)
2  (mkamin@cov.com)
   1999 Avenue of the Stars, Suite 3500
3  Los Angeles, CA 90067-4643
   Telephone: (424) 332-4800
4  Facsimile:    (424) 332-4749

5  COVINGTON & BURLING LLP
   PHILIP A. IRWIN (*admitted Pro Hac Vice*)
6  (pirwin@cov.com)
   620 Eighth Avenue
7  New York, NY 10018-1405
   Telephone: (212) 841-1000
8
   LTL ATTORNEYS LLP
9  JOE H. TUFFAHA (253723)
   (joe.tuffaha@ltlattorneys.com)
10 PRASHANTH CHENNAKESAVAN (284022)
   (prashanth.chennakesavan@ltlattorneys.com)
11 300 South Grand Avenue, 14th Floor
   Los Angeles, CA 90071
12 Telephone: (213) 612-8900
   Facsimile: (213) 612-3773
13
   *Attorneys for Plaintiff and Counter-Defendant*
14 *ChromaDex, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ChromaDex moved to dismiss Elysium's third, fourth, and fifth counterclaims on March 8, 2021. (Dkt. 474.) As set forth in ChromaDex's related application to seal, also filed on March 8, ChromaDex opposes concealing from public view that motion or any information relating to the depositions and declarations of Elysium CEO Eric Marcotulli and COO Daniel Alminana. (Dkt. 472.) Elysium filed its opposition to ChromaDex's motion to dismiss on March 22, 2021, (Dkt. 481-1), along with an application to seal it, (Dkt. 480). Elysium's application incorporated by reference the arguments it advanced in the Declaration of Marc S. Williams in support of sealing ChromaDex's motion to dismiss, (Dkt. 477), filed on March 12, 2021. ChromaDex disagrees with Elysium's arguments in that declaration, most of which do not require further discussion because they were already addressed in ChromaDex's March 8 filing that opposed sealing. (*See* Dkt. 472.) ChromaDex therefore takes this opportunity only to clarify three things.

*First*, Elysium tries to reverse the "strong presumption in favor of public access to court records," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)), by suggesting repeatedly in its declaration that it is *ChromaDex* that must provide reasons why the motion and supporting information should be unsealed. Elysium has it exactly backward. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("A party seeking to seal a judicial record [] bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard.").

*Second*, Elysium argues that the "good cause" standard should apply here, but the primary case cited by Elysium—*Center for Auto Safety v. Chrysler Group*—says no such thing. There, the Ninth Circuit held that the "compelling reasons" standard applies even to non-dispositive motions, so long as they "involve[] important issues and information to which our case law demands the public should have access." 809 F.3d at 1098. The Ninth Circuit did not hold, as Elysium suggests, that a lesser standard applies to information supporting a dispositive motion like ChromaDex's motion for

terminating sanctions.[1] That motion and the information supporting it are by definition directly related to the merits of Elysium's third, fourth, and fifth counterclaims.

*Third*, Elysium adopts the old adage that "the best defense is a good offense" by accusing ChromaDex of having an improper motive for opposing sealing. This is not only unsupported by anything in the record—ChromaDex took depositions, endured extraordinary hubris and dishonesty, and now seeks basic relief—but more importantly it ignores the undisputed principle that the strong presumption in favor of open court records turns not on a party's supposed motive, but rather on the *public's* right of access. *Ctr. for Auto Safety*, 809 F.3d at 1096 ("The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." (quotation omitted)). In order to overcome that strong public right, Elysium was obligated to provide "specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178 (cleaned up). Elysium provided no such findings and certainly has tendered no facts to suggest that the public cannot be trusted with the subject of ChromaDex's motion.[2]

This is not a secret star chamber proceeding. It is a straightforward case of deposition perfidy, for which even Elysium concedes there must be some remedy. Why should that discussion, and this Court's decision, be concealed from the public? For

---

[1] Elysium's other authority is not to the contrary. In *Hicks v. City of Vallejo*, the court found that the "items sought to be filed under seal concern the parties' discovery dispute" and involved non-parties. 2016 WL 1728783, at *1 (E.D. Cal. Apr. 29, 2016). And in *G&C Auto Body Inc. v. Geico General Insurance Co.*, the court found that the information at issue "[wa]s not directly relevant to the legal issues that were raised by GEICO's summary judgment motions." 2008 WL 687372, at *2 (N.D. Cal. Mar. 11, 2008). In contrast, the information at issue here is necessary to the Court's consideration of ChromaDex's motion, which seeks terminating sanctions or reconsideration of summary judgment (either of which trigger the "compelling reasons" standard) on the basis of sanctionable conduct by Elysium and its principal executives.

[2] Even if a party's motive were relevant to whether the public may access court records (and it is not), ChromaDex's motive here—to respect this Court's repeated commands that applications to seal are strongly disfavored—is in no way improper.

these reasons, and those in ChromaDex's prior submission, (Dkt. 472), the Court should decline to seal the motion and supporting information at issue here.

Dated: March 23, 2021

COOLEY LLP
MICHAEL A. ATTANASIO (151529)
BARRETT J. ANDERSON (318539)
CRAIG E. TENBROECK (287848)
JAYME B. STATEN (317034)

*/s/ Michael A. Attanasio*
Michael A. Attanasio (151529)

*Attorneys for Plaintiff and Counter-Defendant ChromaDex, Inc.*